## C. A. WESTON COMPANY *vs.* KATIE E. COLBY, Administratrix.

### Sagadahoc.　Opinion September 22, 1910.

*Descent and Distribution.　Liability of Heir.　Lien for Debt to Intestate.　Enforcement.　Revised Statutes, chapter 77, section 7; chapter 83, section 60.*

1. R. S., chapter 77, section 7, imposes a lien in favor of the administrator of a solvent estate upon the share of an heir who may be indebted to the intestate at the time of his death. The lien is made enforceable by suit and attachment by the administrator within two years after administration granted, and is made to have priority to any other attachment of the share.

2. A creditor of a person to whom a share in a solvent estate has descended is chargeable with notice of such lien, and any attachment made by him of such share is subject to the lien, though made before any attachment by the administrator.

3. In enforcing the lien by suit and attachment, it is not necessary that the writ or the officer's return should contain a description of any particular parcels of land to be attached, since the lien is upon the entire share. It is sufficient if the writ and return show that the attachment is made to enforce the lien.

4. Nor is it necessary to allege in the declaration that the estate was solvent, since the right of action is not based on the statute but is independent of it.

5. Nor is it necessary that the certificate of the attaching officer returned to the register of deeds, under R. S., chapter 83, section 60, should contain a statement that the plaintiff sues as administrator. That statute only requires " the names " of the parties to be stated.

On report. Judgment for defendant.

Real action to recover two undivided ninths of certain real estate which was a part of the estate of the defendant's intestate and which descended to his two sons. Plea, the general issue. An agreed statement of facts was filed and the case was then reported to the Law Court for determination.

The material facts are stated in the opinion.

*Barrett Potter*, for plaintiff.

*Wm. T. Hall, Jr.*, for defendant.

SITTING: EMERY, C. J., SAVAGE, PEABODY, SPEAR, CORNISH, KING, JJ.

EMERY, C. J.    R. S., chapter 77, section 7, is as follows · —

"Sec. 7.    When an estate is solvent, and a person, to whom a share of it descends, is indebted to the intestate at the time of his death, such debt creates a lien on his share, having priority to any attachment of it; and such lien may be enforced by suit and attachment of the share within two years after administration is granted, and by levy within thirty days after judgment.    In such action, or in one brought by the heir, all claims between the intestate and heir may be set off and adjusted, and the balance due may be established."

Charles S. Colby died intestate and solvent leaving real estate of which one undivided ninth descended to each of his sons James and Charles O.    The plaintiff claims title to these two-ninths under attachment, judgment and levy of execution thereon against the two sons above named.    The defendant claims title under attachment, judgment and levy of execution thereon against the same parties in her favor as administratrix of the decedent.    The plaintiff's was the prior attachment, but the defendant's attachment was within two years after administration granted.    If the defendant's suit enforced her lien under the above statute she has the better title and is entitled to judgment in this action; otherwise the plaintiff is entitled to judgment.

The case may be considered and determined as if the two sons and heirs were themselves the parties plaintiff, since the Weston Company claims only under them as an attaching creditor but has not the advantage of an attaching creditor without notice.    When the plaintiff attached the land it was subject to the statutory lien, and the plaintiff was chargeable with notice of the lien and that suit might be brought and attachment made by the administratrix to enforce it.    The plaintiff's attachment did not destroy nor in the least affect the right of the administratrix; did not require of her any greater care or particularity in framing her writ or declaration, nor of the officer in his procedure.

The plaintiff here urges but three objections to the efficacy of the defendant's (the administratrix) proceedings to enforce her lien,— (1) that while the writ did direct the officer to attach the goods and estate of the defendant "and particularly and especially his share of the estate of the late Charles S. Colby on which the plaintiff claims a lien," and while in the declaration it was alleged that "said plaintiff claims a lien on the share of said defendant in the estate of Charles S. Colby by virtue of R. S., chapter 77," yet neither in writ nor declaration was there any other description of the property to be attached or upon which the lien was claimed ; (2) that neither in the writ nor declaration was there any allegation that the estate of the decedent was solvent, though it is admitted that such was the fact ;—(3) that while in the officer's certificate of attachment sent to the Register of Deeds he did state that he had "particularly and especially attached his (the there defendant) share of the estate of the late Charles S. Colby on which the plaintiff claims a lien as Administratrix of said estate," yet in stating the names of the parties he stated that of the party plaintiff as "Katie Colby" without stating the capacity in which she sued.

As to the first objection, the case is quite different from those of "Mechanics liens" and other kindred cases. In those cases the lien is limited to some particular article or articles, or to some particular parcel of land, and hence the process to enforce the lien should describe the particular article or parcel of land upon which the lien is claimed. In this case the lien is not limited to any particular article, or parcel of land, but is imposed upon the entire share of each heir of the decedent. It is not necessary, therefore, and the statute does not require that any particular part of that share be designated either in the writ or declaration. It sufficiently appears in both that the suit and attachment were to enforce the lien imposed by the statute R. S., chapter 77, section 7.

As to the second objection, the rule invoked is not applicable viz, that in actions based on a statute all the facts stated in the statute as constituting the right of action should be stated in the declaration. The suit of the administratrix was not based on the statute in question, but was upon the indebtedness of the heirs to her intes-

tate. She had full right of action to recover that indebtedness independent of the statute. The indebtedness, the personal liability of the heirs, was the cause of action. The statute merely annexed to that right of action an incident viz, a lien upon the debtor's share in the estate of the decedent. It does not require that its terms be set out in either writ or declaration.

As to the third objection, the statute invoked (R. S., ch. 83, sec. 60) only requires that the certificate of the attaching officer shall contain "the names of the parties." It does not require any statement of the capacity in which they sue or are sued. If necessary for inquirers at the registry to be informed of that capacity, sufficient information was given by the certificate.

With these three objections overruled, the plaintiff here (the Weston Co.) admits (what we hold) that the proceedings of the defendant (the admx.) to enforce her lien were sufficient, thence the entry must be,

*Judgment for the defendant.*